William S. McPHERSON

v.

The UNITED STATES.

No. 638–81C.

United States Claims Court.

June 9, 1983.

Supplemental Opinion June 20, 1983.

Charles A. Brady, Washington, D.C., for plaintiff.

Stephanie Wickouski, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, for defendant; Joan C. Goodrich, Office of Labor Law, U.S. Postal Service, Washington, D.C., of counsel.

## OPINION

MARGOLIS, Judge.

This case is before this Court on defendant's motion to dismiss, or in the alternative, for summary judgment, plaintiff's opposition, and supplemental briefs, submitted with oral argument. Plaintiff William S. McPherson, a former special delivery messenger with the United States Postal Service (USPS) was found in possession of stolen mail matter and was subsequently removed for conduct unbecoming a postal employee. Plaintiff seeks reinstatement, back pay, retroactive benefits, treble damages, and attorneys fees and costs. Plaintiff alleges wrongful discharge, breach of the duty of fair representation by the American Postal Workers Union, AFL–CIO (Union) and denial of his right to counsel under the Sixth Amendment to the Constitution. Defendant contends, among other things, that this Court lacks subject matter jurisdiction over the wrongful discharge and duty of fair representation claims, or alternatively, that these claims are barred by the statute of limitations.

Furthermore, defendant contends that plaintiff's Sixth Amendment allegation fails to state a claim upon which relief may be granted. This Court holds for the defendant finding that this Court lacks jurisdiction over plaintiff's claims and that the wrongful discharge and fair representation claims are also barred by the statute of limitations.

On October 18, 1977, USPS Postal Inspectors found plaintiff in possession of return receipts for undelivered certified and insured special delivery mail. This undelivered mail had contained cash and food stamps. As a result, plaintiff was the subject of both a removal action by the USPS and a grand jury investigation. However,

plaintiff was never charged or indicted for a criminal offense.

By letter dated October 19, 1977, the USPS notified plaintiff that he was placed on non-duty status for the above-mentioned offense, and that he had the right to file a grievance within fourteen days of the receipt of the notice. On November 1, 1977, plaintiff's counsel requested grievance arbitration. Plaintiff had retained non-Union counsel because of the possibility that any statements made by plaintiff to Union representatives could be used against him in the pending criminal investigation. The USPS responded on November 9, 1977 with a copy of the grievance and arbitration procedures of the National Collective Bargaining Agreement (Agreement) between it and the Union. This correspondence also advised plaintiff's counsel that under the Agreement only the Union, not retained counsel, could represent an employee in a grievance proceeding.

Thereafter, on November 23, 1977 plaintiff was sent a notice providing for his removal, effective December 28, 1977, and for his right to file a grievance within fourteen days of the receipt of this notice. Under the Agreement any grievance by plaintiff was required to be filed with plaintiff's immediate supervisor. This notice was received by plaintiff on November 25, 1977.

On December 6, 1977, the USPS Director of Employee and Labor Relations, Mr. C. Errico[1], was advised in a hand delivered letter that plaintiff would be represented in the grievance proceedings by R. Kenneth Mundy, non-Union counsel. Subsequently, prior to the expiration of the time for filing a grievance, plaintiff hand delivered to the USPS a signed statement that he wished to initiate grievance procedures. In a letter dated December 8, 1977, Mr. Errico again advised plaintiff's counsel that only the Union could represent plaintiff in a grievance proceeding. As plaintiff failed to file his grievance with his immediate supervisor and failed to use Union representation, plaintiff's removal became effective December 28, 1977.

By letter dated April 27, 1978 to Mr. Errico, plaintiff's counsel requested that his letter of December 6, 1977 be accepted as a *pro se* initiation of grievance proceedings. Plaintiff also wrote a letter to Mr. Errico dated April 3, 1981, requesting that the USPS "reconsider its decision not to recognize my hand delivered grievance." On April 15, 1981, the USPS replied to plaintiff stating that both plaintiff and plaintiff's counsel had been apprised of the appropriate procedures for filing a grievance. Since plaintiff had failed to properly exercise these procedures, the USPS would not reconsider plaintiff's removal. Thereafter, on October 30, 1981 plaintiff brought the instant action.

Plaintiff brings this action under the Tucker Act, 28 U.S.C. § 1491 (1976), which provides that this Court has jurisdiction over claims against the United States founded "upon the Constitution, or an Act of Congress, ... or upon any express or implied contract with the United States." The Tucker Act merely defines the bases for jurisdiction of this Court, it "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976).

Although this Court has jurisdiction over claims founded upon the Constitution, not every Constitutional claim is cognizable here. *Eastport Steamship Corp. v. United States*, 178 Ct.Cl. 599, 605, 372 F.2d 1002, 1007 (1967). Under the Tucker Act "what one must always ask is whether the constitutional clause ... which the claimant cites can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Id.* at 607, 372 F.2d 1002. For example, an allegation of a taking of property without just compensation under the Fifth Amendment is a Constitutional claim giving rise to money damages. *Eastport Steamship Corp.*, 178 Ct.Cl. at 606, 372 F.2d at 1008. The Sixth Amendment right to counsel is

---

1. This director was not plaintiff's immediate supervisor.

clearly not a Constitutional provision obligating the federal government to pay money damages for a violation thereof. *See, e.g., Walton v. United States,* 213 Ct.Cl. 755, 757 (1977); *Muehlen v. United States,* 209 Ct.Cl. 690, 529 F.2d 533 (1976); *Eastport Steamship Corp.,* 178 Ct.Cl. at 605–607, 372 F.2d at 1007–1009. Thus, this Court has no jurisdiction over plaintiff's Constitutional claim of deprivation of right to counsel.

 Plaintiff also contends that the Union's refusal to acknowledge his *pro se* grievance violated the duty of fair representation, and that the consequent removal by the USPS violated the Agreement. These claims are inextricably intertwined. "To prevail against either the [employer] or the Union, [plaintiff] must not only show that [the] discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union." *Hines v. Anchor Motor Freight,* 424 U.S. 554, 570, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976). Accordingly, liability must be apportioned between the employer and the union "according to the damage caused by the fault of each." *Vaca v. Sipes,* 386 U.S. 171, 197, 87 S.Ct. 903, 920, 17 L.Ed.2d 842 (1967); *Bowen v. United States,* —— U.S. ——, ——, 103 S.Ct. 588, 593, 74 L.Ed.2d 402 (1983). To facilitate a fair apportionment of damages both the union and the employer must be before this Court. It is well settled that the jurisdiction of this Court "is confined to the rendition of money judgments in suits brought for that relief against the United States . . . and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court, . . . or if its maintenance against private parties is prerequisite to prosecution of the suit against the United States the

suit must be dismissed." *United States v. Sherwood,* 312 U.S. 584, 588, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941) (citations omitted); 28 U.S.C. § 1491 (1976). Here, due to the necessity to fairly apportion damages, maintenance of a suit against the Union cannot be ignored. As the Union is not a proper party in this Court, this Court lacks jurisdiction over the wrongful discharge and duty of fair representation claims.

Even if this Court had subject matter jurisdiction, these claims are barred by the statute of limitations. Such claims are properly brought under section 1208(b) of the Postal Reorganization Act of 1970, 39 U.S.C. §§ 101 *et seq.* (1976),[2] or § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a) (1976).[3] Congress has not enacted a statute of limitations governing actions brought pursuant to § 301. *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 60, 101 S.Ct. 1559, 1562, 67 L.Ed.2d 732 (1981). Therefore, the timeliness of claims brought under these provisions must be determined by reference to the appropriate state statute of limitations. *Id.* Plaintiff contends that D.C. Code § 12–301(7), which provides a three year limitations period for contract actions, should be applied. This contention is without merit. As the Court stated in *United Parcel Service, Inc. v. Mitchell,* 451 U.S. at 63, 101 S.Ct. at 1564, "[w]e think that the unfair representation claim made by an employee against his union, even though his employer may ultimately be called upon to respond in damages for it if he is successful, is more a creature of labor law . . . than it is general contract law." The *Mitchell* Court thus determined that the state statute of limitations governing vacation of arbitration awards was most appropriate.[4]

2. Section 1208(b) provides that "[s]uits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy." Similar language is contained in 29 U.S.C. § 185(a) (1976).

3. It is well established that § 1208(b) "is the analogue of § 301(a) of the Labor-Management

Relations Act of 1947," and that the body of law developed under § 301 is controlling in § 1208(b) actions. *Nat. Ass'n. of Letter Carriers, AFL–CIO v. United States Postal Service,* 590 F.2d 1171, 1174 (D.C.Cir.1978).

4. Although in the instant case plaintiff's claim was never considered in a grievance proceeding, and in *Mitchell* the plaintiff's grievance had been submitted to arbitration, "it is quite irrelevant at what point in the contractual grievance

**674**

The District of Columbia statute of limitations for vacation of arbitration awards is ninety days. D.C.Code § 16–4311(b) (1981).

Plaintiff's cause of action herein accrued when the Union engaged in the alleged acts of unfair representation. *Butler v. Local Union 823, Intern. Broth. of Teamsters,* 514 F.2d 442, 449 (8th Cir.1975). As plaintiff alleges that the Union failed to represent him prior to the deadline for initiating a grievance, the Union's breach, if any, occurred on the day after this deadline. Plaintiff received his notice of removal on November 25, 1977, and under the Agreement any grievance was required to be initiated by December 9, 1977. Thus, the Union's alleged breach would have occurred on December 10, 1977. Under the ninety day limitations period plaintiff's claims are clearly barred. *Ogunloye v. John Hancock Mutual Life Ins., Co.,* 545 F.Supp. 1118 (D.D.C.1982).

In sum, this Court lacks jurisdiction over plaintiff's claims, and alternatively plaintiff's duty of fair representation and wrongful discharge claims are barred by the statute of limitations. Therefore, it is

ORDERED, that Defendant's motion is granted, and the Petition is to be dismissed by the Clerk.

### SUPPLEMENTAL OPINION

On June 9, 1983, this Court filed an opinion holding that the plaintiff's breach of duty of fair representation claim against the Union and his wrongful discharge claim against his employer were barred by the District of Columbia ninety day statute of limitations for vacation of arbitration awards.

In an opinion of the United States Supreme Court, *DelCostello v. International Brotherhood of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), rendered contemporaneously with this Court's opinion, prior precedent dealing with this issue was overruled. The Supreme Court

procedure Union's breach of its duty of fair representation has occurred." *Bigbie v. Local 142, Intern. Broth. of Teamsters,* 530 F.Supp.

held that a federal statute of limitations of six months, § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1976), rather that a state vacation of arbitration statute of limitations should govern. Even applying this six months limitations period, plaintiff's claims are still barred.

402, 405 (N.D.Ill.1981); *Badon v. General Motors Corp.,* 679 F.2d 93, 98 (6th Cir.1982).