**72**

Joseph O'HARE, Albert M. Cornette, Peter Gale, Bruce A. McAllister, Robert M. Wanders and Thomas E. Moran, as Trustees of the New York Marine Towing and Transportation Industry Pension Fund and Insurance Fund, Plaintiffs,

v.

GENERAL MARINE TRANSPORT CORPORATION, Defendant.

No. 78 Civ. 6277 (RWS).

United States District Court, S.D. New York.

Sept. 19, 1983.

Beck, Halberg & Williamson, New York City, by Roman Beck, New York City, of counsel, Vladeck, Waldman, Elias & Engel-hard, P.C., New York City by Seymour M. Waldman and Deborah H. Karpatkin, New York City, of counsel, for plaintiffs.

Jared Stamell, Clifton, Budd, Burke & De Maria, New York City by Kevin J. McGill, of counsel, for defendant.

OPINION

SWEET, District Judge.

By decision dated March 31, 1983, plaintiff trustees of the New York Marine Towing and Transportation Industry Pension Fund and Insurance Fund (the "Trustees") were awarded damages in connection with this action, and the counterclaim of defendant General Marine Transport Corporation ("General Marine") was dismissed. 564 F.Supp. 1064. Judgment was entered on May 19, 1983. On May 25, General Marine filed a timely motion pursuant to Rule 52(b) Fed.R.Civ.P. seeking to amend the judgment. On June 6 and June 15, General Marine submitted supplemental papers, asserting additional grounds for amendment pursuant to Rules 52(b) and 60(b) Fed.R. Civ.P. To the extent that General Marine repeats its arguments on the issue of damages which were rejected by this court in its decision of March 31, 1983, no basis has been advanced requiring a reconsideration of the prior determination. The new ground set forth, the recent Supreme Court ruling in *DelCostello v. International Brotherhood of Teamsters,* — U.S. —, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), does not require reversal and, as set forth below, the motion is denied.

General Marine has argued that *DelCostello,* which applied the six-month limitations period prescribed by section 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b), requires a reversal of this court's decision applying the six-year limitations period for breach of contract actions in New York, N.Y.Civ. Prac.Law § 213(2), to this case. *O'Hare v. General Marine Transport Corp.,* 534 F.Supp. 120 at 125 (S.D.N.Y.1981).

In *DelCostello,* the Supreme Court held that in an action against both an employer for breach of a collective-bargaining agreement under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and a union for breach of its duty of fair representation, a cause of action implied under the NLRA, 29 U.S.C. § 151 *et seq.,* the six-month statute of limitations for making charges of unfair labor practices to the NLRB, 29 U.S.C. § 160(b), applies. 103 S.Ct. at 2285. Such an action is typically labeled a "hybrid 301/fair representation" claim. *Id.* at 2291. *DelCostello* has thus far been considered in the context of these hybrid claims only. *See, e.g., Storck v. International Brotherhood of Teamsters,* 712 F.2d 1194 (7th Cir.1983); *Larry v. Penn Truck Aids,* 567 F.Supp. 1410 (E.D.Pa.1983); *McPherson v. United States,* 2 Cl.Ct. 670 (1983). No cases have been cited or located in which the *DelCostello* reasoning has been applied to actions against the employer for breach of only the collective bargaining agreement.

*DelCostello* appears to turn on the peculiar nature of a "duty of fair representation" action. This duty is itself a creature of the NLRA, and the nexus between the NLRA and the duty imposed on unions led the Court in *DelCostello* to analogize breach of the duty of fair representation claims to claims of unfair labor practices and to select as the appropriate limitations period the six-month period for making charges of unfair labor practices to the NLRB prescribed by section 10(b) of the NLRA. *Id.* at 2293.

There is indeed support for this interpretation of *DelCostello* in the decision itself. In *Auto Workers v. Hoosier Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), the Court held that a straightforward suit under section 301 of the LMRA, 29 U.S.C. § 185, for breach of a collective bargaining agreement by an employer is governed by the state statute of limitations; there, as here, the applicable state statute was six years. *Id.* at 707, 86 S.Ct. at 1114. The court in *DelCostello* quoted with approval the following portion of *Hoosier:*

> The present suit is essentially an action for damages caused by an alleged breach of an employee's obligation embodied in a collective bargaining agreement. Such an action closely resembles an action for breach of contract cognizable at common law. Whether other § 301 suits different from the present one might call for the application of other rules on timeliness, we are not required to decide, and we indicate no view whatsoever on that question. 383 U.S. at 705, n. 7, 86 S.Ct. at 1113, n. 7 (citations omitted).

103 S.Ct. at 2289–90. The Court in *DelCostello* went on to say:

> We stress that our holding today should not be taken as a departure from prior practice in borrowing limitations periods for federal causes of action, in labor law or elsewhere.

*Id.* at 2294. Since this action essentially fits the description in *Hoosier* quoted above, *DelCostello* does not require a different result from that reached in this court's decision of December 4, 1981, which applied the six-year limitations period.

For the reasons stated herein, General Marine's motion is denied.

IT IS SO ORDERED.