**Emma SAMUELS, Plaintiff,**

v.

**AMERICAN TRANSIT CORP., d/b/a Winston-Salem Division of American Transit Corp., Defendant.**

**No. C–84–281–WS.**

United States District Court,
M.D. North Carolina,
Winston-Salem Division.

July 23, 1984.

**106**

Kenneth Clayton Dawson, of Dawson & Mabe, Winston-Salem, N.C., for plaintiff.

Anthony H. Brett, of Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., for defendant.

## MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, Chief Judge.

On March 2, 1984, plaintiff filed in the State Superior Court, Forsyth County, a complaint alleging wrongful discharge on May 26, 1983, from employment. Plaintiff claimed that defendant terminated her employment for refusing to do assigned work, although she did not in fact refuse to do the work which defendant improperly assigned, if assigned at all, and although she had a right to refuse the assignment pursuant to the collective bargaining agreement (labor contract) between her union and the defendant. Plaintiff further alleged that, pursuant to the labor contract, her employment was for a fixed term. Defendant received service on March 5, 1984, and on April 3, 1984, petitioned for removal of the action to federal court. Defendant asserted that removal was proper because plaintiff has alleged a violation of a labor contract, a matter governed by federal law, section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). Defendant has filed no answer.

The matters now before the Court are defendant's Motion to Dismiss (April 5, 1984) pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that the applicable statute of limitations for purposes of actions brought under section 301 bars the action; and plaintiff's Motion for Remand (April 30, 1984) wherein she contended that removal was improper because she seeks relief only under state law.

 Although plaintiff did not expressly allege that defendant "violated the labor contract," undoubtedly she asserted that that is precisely what the defendant did in firing her. Section 301 of the Labor Management Relations Act grants to the federal district courts subject matter jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ...." Plaintiff alleged that defendant is a Missouri corporation with a division in North Carolina. Lawsuits under section 301 encompass actions brought by an employee claiming that the employer violated the labor contract with the union by discharging him. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). In order for a lawsuit to fall within section 301, the plaintiff need only be asserting a violation of a labor contract in an industry affecting commerce. *Davis v. Ohio Barge Line, Inc.*, 697 F.2d 549, 552–53 (3d Cir.1983). A federal claim under section 301 for purposes of subject matter jurisdiction and removal may exist although the plaintiff drew the complaint only in terms of state law. *Hunter Douglas Inc. v. Local 159*, 714 F.2d 342, 345–46 (4th Cir.1983); *Drivers, Chauffeurs and Helpers Local Union No. 639 v. Seagram Sales Corp.*, 531 F.Supp. 364 (D.D.C.1981).

A litigant's decision to omit reference to section 301 cannot serve to frustrate federal preemption and policies in the area of labor law. *Glaziers, Glass Workers v. Florida Glass and Mirror of Jacksonville, Inc.,* 409 F.Supp. 225, 227 (M.D.Fla.1976); *Hayes v. C. Schmidt and Sons, Inc.,* 374 F.Supp. 442, 445 (E.D.Pa.1974). Therefore, this action was properly removed to federal court pursuant to 28 U.S.C. §§ 1441(a) and (b), because federal subject matter jurisdiction exists.

Defendant argued that the six months statute of limitations provided by section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), applies to plaintiff's claim of wrongful discharge. If true, plaintiff's claim would be barred. Defendant based this contention upon the Supreme Court's decision in *DelCostello v. Teamsters,* 462 U.S. 1, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

In *DelCostello* the Supreme Court addressed the issue of what statute of limitations should apply in a hybrid action against an employer pursuant to section 301 alleging breach of the labor contract and a union alleging breach of the duty of fair representation. 462 U.S. at ——, 103 S.Ct. at 2285, 76 L.Ed.2d at 482. The Supreme Court held that in such hybrid section 301/fair representation cases the six months limitations period of section 10(b) of the National Labor Relations Act applies, since on balance that period best accommodated the hybrid situation, a situation without close analogy in state law for purposes of borrowing a consistent statute of limitations. However, the Supreme Court specifically distinguished the straightforward breach of contract suit under section 301 against an employer. 462 U.S. at ——, 103 S.Ct. at 2289–91, 76

L.Ed.2d at 487–89. In such a lawsuit federal policies concerning private settlement of disputes pursuant to a collective bargaining agreement do not come into play. Rather, such an action is closely analogous to an ordinary breach of contract case under state law. In straightforward section 301 actions, as the present action appears to be,[1] the Court should apply the most analogous state law statute of limitations.[2] *International Union v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). In *DelCostello* the Supreme Court reaffirmed this holding in *Hoosier.*

As indicated by the Supreme Court, a straightforward section 301 action is analogous to a breach of contract action under state law. It is fitting that the state law statute of limitations applicable to breach of contract actions should apply. In North Carolina, that limitations period is three years. N.C.Gen.Stat. § 1–52(1). Taking the allegations of the Complaint as true for purposes of defendant's motion, it is evident that plaintiff brought this action in a timely manner.

IT IS, THEREFORE, ORDERED that plaintiff's Motion for Remand be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's Motion to Dismiss be, and the same hereby is, DENIED.

---

1. The Court is not aware of any grievance procedures the plaintiff may have had available to her by which she has or could have contested her discharge. Hence, the Court expresses no opinion as to the effect of any such procedures, if available, on plaintiff's claim. *See Hines v. Anchor Motor Freight Co.,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

2. Several courts have recognized the narrow effect of the ruling in *DelCostello. Farr v. H.K. Porter Co.,* 727 F.2d 502, 504–505 (5th Cir.1984); *O'Hare v. General Marine Transport Corp.,* 578 F.Supp. 72 (S.D.N.Y.1983); *Linder v. Berge,* 577 F.Supp. 279, 281 (D.R.I.1983). *See Murray v. Branch Motor Express Co.,* 723 F.2d 1146 (4th Cir.1983) (*Delcostello* ruling retroactively applied in hybrid case).