**Emma SAMUELS, Plaintiff,**

v.

**AMERICAN TRANSIT CORPORATION, d/b/a Winston-Salem Service Division of American Transit Corporation, Defendant.**

**No. C–84–281–WS.**

United States District Court, M.D. North Carolina, Winston-Salem Division.

Oct. 10, 1984.

Kenneth Clayton Dawson, Dawson & Mabe, Winston-Salem, N.C., for plaintiff.

Anthony H. Brett, Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., for defendant.

## MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, Chief Judge.

This matter comes before the Court on defendant's Motion for Summary Judgment (August 8, 1984) pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court will grant defendant's motion because the plaintiff's action is barred by the applicable statute of limitation.

Plaintiff was discharged from defendant's employment on May 26, 1983. Plaintiff alleges that the termination of her employment was in violation of the collective bargaining agreement (labor agreement) between her Union, Transport Workers Union Local No. 248, and the defendant. On May 31, 1983, the plaintiff's Union filed a grievance with her employer, and on June 1, 1983, a grievance "meeting" was held pursuant to the collective bargaining agreement. Affidavit of James M. Ritchey, Jr. at 1.

The employer in a letter dated June 10, 1983, denied the grievance on grounds that the discharge was just and based on sufficient grounds. Under the labor agreement the plaintiff's Union had ten working days from the employer's grievance denial in

which to demand arbitration or the grievance would be barred and extinguished. Defendant's Brief in Support of Motion for Summary Judgment, Exhibit A, Article F (August 8, 1984). Plaintiff's Union made no such demand during the ten day period or at any time after the June 10, 1984 letter, in essence deciding not to pursue the plaintiff's grievance. Also, no request was made for extension of the period in which to seek arbitration. Affidavit of James M. Ritchey at 2.

■ On March 2, 1984, plaintiff filed in the State Superior Court, Forsyth County, a complaint alleging wrongful discharge from employment. Defendant received service on March 5, 1984, and on April 3, 1984, petitioned for removal of the action to federal court. The case was removed. Because this action raises issues governed by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), removal was proper. *See Samuels v. American Transit Corp.*, 588 F.Supp. 105 (M.D.N.C.1984).

Defendant claims that the plaintiff's action is barred by the six-month statute of limitation established in *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The *DelCostello* statute of limitation applies to a "hybrid" action against an employer, pursuant to section 301, alleging breach of the labor contract and against a union alleging breach of the duty of fair representation. 462 U.S. at ——, 103 S.Ct. at 2285, 76 L.Ed.2d at 482. Therefore, the initial inquiry is whether this action is a hybrid § 301/fair representation action under *DelCostello*.[1]

■ When a collective bargaining agreement provides procedures to resolve employee disputes, then the decision reached under these procedures is generally final and binding on the parties and will not be disturbed by the courts.[2] *Hardee v.*

*N.C. Allstate Services, Inc.*, 537 F.2d 1255, 1258 (4th Cir.1976). An exception to the finality rule exist for "hybrid" suits. *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). A hybrid claim as noted comprises two causes of action. One is against the employer under § 301 alleging a breach of the collective agreement. The other is against the union for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. *DelCostello v. Teamsters*, 462 U.S. at ——, 103 S.Ct. at 2290–91, 76 L.Ed.2d at 488–89. A hybrid § 301/fair representation claim amounts to a challenge to the private settlement of disputes agreed upon by the employer and the union in the labor agreement. An employee may sue one defendant and not the other; "but the case plaintiff must prove is the same whether he sues one, the other, or both." *DelCostello*, 462 U.S. at ——, 103 S.Ct. at 2291, 76 L.Ed.2d at 489.

■ In grievance procedures an allocation of responsibility exists between the employer and the union. The grievance procedure contemplates that both employer and union will perform their respective obligations. *See Bowen v. U.S. Postal Services*, 459 U.S. 212, 227, 103 S.Ct. 588, 597, 74 L.Ed.2d 402, 416 (1983). The union plays a pivotal role in this procedure since it has the responsibility of determining whether to press an employee's claims. An employer, as in the present case, may accept the union's waiver of any challenge to his discharge as a final resolution of the matter. *Bowen*, 459 U.S. at 226, 103 S.Ct. at 597, 74 L.Ed.2d at 415.

■ The Court finds the plaintiff's action to be a hybrid § 301/fair representation claim. The collective bargaining

---

1. The Fourth Circuit has held *DelCostello* to apply retroactively. *See Murray v. Branch Motor Express Co.*, 723 F.2d 1146 (4th Cir.1983). If the applicable statute of limitations has run the defendant has a legally sufficient defense that would bar plaintiff's claim and involves no triable issue of fact. 10A C. Wright & A. Miller, *Federal Practice and Procedure* § 2734 (1983).

2. Federal labor law "is chiefly designed to promote the formation of collective agreement and the private settlement of disputes under it." *Auto Workers v. Hoosier Corp.*, 383 U.S. 696, 702, 86 S.Ct. 1107, 1111, 16 L.Ed.2d 192, 198 (1966).

agreement between plaintiff's union and employer provides grievance/arbitration procedures for an employee to contest her discharge. The plaintiff was denied reinstatement by a letter, from her employer, denying her grievance. Since no request for arbitration was made this became a final decision under the collective bargaining agreement. Plaintiff may remove the bar of finality only through proof of a breach of the collective bargaining agreement by the employer *and* a breach by the union of its duty of fair representation. *DelCostello,* 462 U.S. at ——, 103 S.Ct. at 2291, 76 L.Ed.2d at 489. These are the proof requirements of a hybrid action. Plaintiff may not ignore the requirement that she prove a breach of the union's duty of fair representation by suing the employer only nor may she transform her action into a state law breach of contract suit.[3]

■ Having found *DelCostello's* six month statute of limitations applicable, the Court must determine when the plaintiff's cause of action accrued and compute the applicable time for bringing this action.[4] The Court finds this cause of action accrued when a final determination was made as to the plaintiff's grievance. *E.g., Rogers v. Lockheed-Georgia Co.,* 720 F.2d 1247, 1250 (11th Cir.1983) (grievance not submitted by union for arbitration); *Metz v. Tootsie Roll Industries, Inc.,* 715 F.2d 299, 303–06 (7th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984) (union failed to process grievance). At that point the plaintiff could first successfully maintain a suit based on that cause of action. *See Santos v. District Council of Brotherhood of Carpenters,* 619 F.2d 963, 968–969 (2d Cir.1980). This interpretation complies with the general

rule that a statute of limitations begins to run on the first day a cause of action could have been brought successfully. *E.g., United States v. First National Bank of Atlanta, Ga.,* 441 F.2d 906, 907–08 (5th Cir.1971); *Bell v. Aerodex, Inc.,* 473 F.2d 869, 873 (5th Cir.1973). It is also consistent with the strong federal policy of prompt resolution of labor disputes. *United Parcel Services, Inc. v. Mitchell,* 451 U.S. 56, 63, 101 S.Ct. 1559, 1564, 67 L.Ed.2d 732 (1981).

■ To determine when a final determination was made, the Court must look to the labor agreement applicable to the plaintiff. Under the collective bargaining agreement all cases of discharge are subject to grievance procedure; all requests for arbitration must be submitted within ten days after the grievance has been rejected by the employer. The agreement provides that the failure to request arbitration had the same effect as an arbitration award. *See generally Metz v. Tootsie Roll Industries, Inc.,* 715 F.2d 299, 303 (7th Cir.1983). The failure to request arbitration is not any less final or reliable than an arbitration award and amounted to a final determination of plaintiff's claim. *Metz,* 715 F.2d at 303.

The final determination of the plaintiff's grievance occurred at the end of June 1983 (ten working days after the issuance of the letter rejecting plaintiff's grievance). The statute of limitations began to run from approximately June 29th. Thus, the action would have been timely if filed on or before the end of December 1983. Plaintiff did not file this action until March 2, 1984. This filing was outside the six month statute of limitation established by *DelCostello.*[5] Plaintiff's claim is thereby barred.[6]

---

**3.** The problem with plaintiff's position, that her action is simply a breach of contract action is that a collective bargaining is much more than traditional common law employment contract terminable at will. It is an agreement creating relationships and interest between the parties. "In defining the relationships created by such an agreement, the [Supreme] Court has applied an evolving federal common law grounded in national labor policy." *Bowen v. United States,*

459 U.S. at 224–25, 103 S.Ct. at 596, 74 L.Ed.2d at 414.

**4.** In *DelCostello* the Supreme Court did not directly address when a plaintiff's cause of action accrued. Although a pivotal issue, the parties also neglected to address this issue.

**5.** Even if the statute begins to run when the claimant discovers, or in the exercise of reason-

IT IS, THEREFORE, ORDERED that defendant's motion for summary judgment be, and the same hereby is, GRANTED.

able diligence should have discovered, the acts constituting the alleged violation the claimant's action would still be barred. Plaintiff knew or at least should have known that under the provision of the labor contract the time to file for arbitration had arrived in late June of 1983. *Metz*, 715 F.2d at 304. *See also Belic v. General Motors Corp.*, 588 F.Supp. 633 (S.D.Ohio 1984).

To say, ..., that the running of the statute of limitations will be postponed indefinitely until actual notification is received from the Union or the employer, would be contrary to the policy of prompt resolution. Lack of notification would leave claims unresolved indefinitely and leave the procedure open to all the vices which statutes of limitations were intended to eliminate.
*Metz*, 715 F.2d at 304.

6. It should be noted that the plaintiff has made no showing of facts, by affidavits or otherwise, that raise a genuine issue regarding whether the statute should be suspended.