**Donald D. POWELL, Plaintiff,**

v.

**KOVAC'S, INC., Defendant.**

**No. 82–6057–CV–SJ.**

United States District Court,
W.D. Missouri,
St. Joseph Division.

Nov. 9, 1984.

Joseph A. Sherman, Sherman, Wickens, Lysaught & Speck, Kansas City, Mo., for plaintiff.

R. Edward Murphy, Watkins, Boulware, Lucas & Miner, St. Joseph, Mo., for defendant.

## MEMORANDUM AND ORDER

SACHS, District Judge.

In response to plaintiff's third amended complaint, accepted and filed by the court in a September 13, 1984 order, defendant Kovac's, Inc. has moved to have United Food and Commercial Workers Union, Local 576 (hereinafter Union) added as a necessary party (Fed.R.Civ.P. 19(a)) or, in the alternative, for leave to file a third party complaint against the Union (Fed.R.Civ.P. 14(a)). For the reasons discussed below, defendant's motions will be denied and the case will remain scheduled for a December 10, 1984 trial.

Counts II and III of plaintiff's third amended complaint premise subject matter jurisdiction on Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. § 185. Those counts allege that plaintiff was a union member and was employed by defendant pursuant to a collective bargaining agreement between the Union and defendant. Article XIX of that agreement established a seniority basis for lay-offs "if fitness and ability is comparable." Plaintiff alleges that his lay-off in June, 1980 (and his subsequent termination) were in violation of the collective bargaining agreement. He seeks actual and exemplary damages from his former employer, but does not seek reinstatement. However, he has not sued the Union.

Plaintiff's third amended complaint was filed at least in part to respond to defendant's invocation of the exhaustion

rule of *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965) in its August 13, 1984 motion to dismiss. The Supreme Court there held that "[a]s a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must *attempt* use of the contract grievance procedure agreed upon by employer and union as the mode of redress." 379 U.S. at 652, 85 S.Ct. at 616. A prerequisite to a § 301 suit by an employee against his employer is a showing that the plaintiff has exhausted the mandatory remedies for breach of the collective bargaining agreement, including arbitration, that are provided for in that agreement. *Painters District Council No. 2 v. Tiger Stripers, Inc.*, 582 F.Supp. 860, 862 (E.D.Mo.1984). In the present case, Article X of the collective bargaining agreement requires an employee to present his complaint against the employer first in the form of a grievance, and if satisfaction is not subsequently obtained the grievance can be submitted to arbitration at request of either the Union or the employer. Arbitration must be undertaken before any non-contractual remedies (such as a federal court action) can be pursued.

■ At issue in defendant's motion to dismiss was plaintiff's failure to plead facts sufficient to fall within one of the exceptions to the *Republic Steel* exhaustion rule. Specifically, the Supreme Court in *Vaca v. Sipes*, 386 U.S. 171, 186, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967) held that the employee's failure to exhaust contractual remedies does not bar a § 301 action by the employee against his employer "provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance." Plaintiff's third amended complaint has added allegations that the Union failed to present and prosecute plaintiff's grievance, that the Union acted "arbitrarily, discriminatorily, or in bad faith" in processing plaintiff's grievance, and that the Union breached its statutory duty of fair representation (Count II, paragraph 12; Count III, paragraph 11). Because the Union had the sole power to invoke the arbitration procedures on plaintiff's behalf, plaintiff can sue his former employer without first arbitrating the dispute if failure to exhaust mandatory contractual remedies was caused "by the union's *wrongful* refusal to process the grievance." *Vaca*, 386 U.S. at 185, 87 S.Ct. at 914. This is precisely the theory of the third amended complaint.

Defendant employer now argues that the Union must be added as a party to this litigation either as a Rule 19 necessary party or as a Rule 14 third-party defendant. Defendant contends that plaintiff's union is a necessary party because (1) the Union's breach of its duty of fairly representing plaintiff is a prerequisite to plaintiff's recovery against the employer; and (2) damages cannot be properly apportioned in the absence of the Union as a defendant. For the same reasons, defendant suggests that it be allowed to implead the Union if Rule 19(a) joinder is disallowed.

Although there is some language in the *Vaca* opinion that joinder of the union and employer would facilitate the giving of relief to an aggrieved employee (*see* 386 U.S. at 188 n. 12, 87 S.Ct. at 915 n. 12), the Court did not require such joinder in order to fit within the above-described exception to the *Republic Steel* exhaustion rule. In fact, the plaintiff-employee in *Vaca* sued the employer and the union in separate actions.[1] The Eighth and Ninth Circuits have considered similar motions to join the union as a party to an employee versus employer breach of contract suit and have both concluded that the union does not qualify as a Rule 19 necessary party. *Sandobal v. Armour & Co.*, 429 F.2d 249, 257–58 (8th Cir.1970); *Kaiser v. Local No. 83*, 577 F.2d 642, 644 (9th Cir.1978). *See*

---

1. The preemption holding in *Vaca*, that a court is not preempted from deciding an employee's § 301 suit against his employer merely because the employee must prove an unfair labor practice by the union, applies whether or not plaintiff joins the union as a defendant.

*also Fosbroke v. Emerson College,* 503 F.Supp. 256, 257–58 (D.Mass.1980).

█ The cited cases make clear that the plaintiff-employee in a § 301 suit is the master of his action. He can sue his employer for a breach of the collective bargaining agreement, allege that the union's wrongdoing was the reason why he did not exhaust his mandatory contractual remedies, and choose *at his option* to join the union as a defendant on a claim of breach of the duty of fair representation. Plaintiff need not sue the employer and the union in one lawsuit and the defendant-employer cannot compel plaintiff to make such a joinder by invoking Rule 19, Fed.R.Civ.P. Joinder of union and employer might be required when plaintiff seeks reinstatement in addition to monetary relief (*see Gersbacher v. Commercial Carriers, Inc.,* 91 F.R.D. 533 (E.D.Mich.1981)), but the union is not an indispensable party to a § 301 suit when the aggrieved employee seeks only money damages from his former employer. Case law seems clear that it is the plaintiff-employee who determines the parties to his § 301 cause of action.[2]

Defendant's motion to implead the union as a third party defendant pursuant to Rule 14(a), Fed.R.Civ.P. presents a more difficult issue because of certain language in the majority opinion in *Bowen v. United States Postal Service,* 459 U.S. 212, 103 S.Ct. 588, 74 L.Ed.2d 402 (1983).

Defendant-employer has no need for relief against the Union if the court follows certain dicta contained in Justice White's majority opinion in *Vaca v. Sipes, supra* p. 1522. That case dealt with the issue of union liability for alleged breach of duty in representing a former employee in a wrongful discharge controversy. The court ruled as a matter of federal law that the union had not breached its duty. Justice White's opinion undertook to outline the applicable principles of remedial relief,

assuming liability, in order to establish that the union should never be held liable for all of an employee's damage if the employer was the initial wrongdoer. *Id.* 386 U.S. at 197–8, 87 S.Ct. at 920–21. Justice White's opinion for the Court stated, in addition, that "increases if any in [an employee's] damages caused by the union's refusal to process the grievance should not be charged to the employer." *Id.*

The period and extent of the union's liability was reaffirmed in *Bowen* as beginning when arbitration should have ended an employee's losses. Applying the *Vaca* rule of apportionment would use that same rather elusive date as the terminating date of employer liability. Justice Powell's opinion for the court in *Bowen* apparently adds new exposure for the employer, however, as it states in dicta that the employer is "*secondarily* liable for the *full* loss of backpay" and thus the employer would be contingently responsible for backpay during the period of the union's primary responsibility if a judgment against the union is not collectible. 459 U.S. at 223 n. 12, 103 S.Ct. at 595 n. 12. (emphasis added).

Somewhat inexplicably, Justice White, the author of *Vaca,* dissented in *Bowen* in an opinion which construes *Bowen* as imposing a limitation on an employer's primary liability that corresponds with what he said in *Vaca,* and then protests the limitation. 459 U.S. at 230–1, 103 S.Ct. at 599. Speaking for himself and Justices Marshall, Blackmun and Rehnquist, he would now impose on employers *primary* liability for *all* backpay. *Id.* at 232, 103 S.Ct. at 600.

If free to rule without appellate direction, I would favor Justice White's dissenting position in *Bowen* and reject his *Vaca* dicta limiting employer liability. I view the situation in the same common law context as that of a primary tortfeasor being held liable for the aggravated inju-

---

**2.** *See, e.g., McPeek v. Dayton Forging and Heat Treating Co.,* 574 F.Supp. 300, 304 (S.D.Ohio 1983) "An employee is free to sue only his employer, under § 301, for breach of the collective bargaining agreement .... He is also free to sue only his union, for breach of the duty of fair representation .... But here, plaintiff *has* sued *both* employer *and* union in a hybrid § 301 action ..."

**1524**

ries suffered by a personal injury plaintiff who is subjected to medical malpractice after an injury. While the second tortfeasor who is guilty of malpractice may be obligated for contribution to the first tortfeasor, there is no limitation on the liability of the first tortfeasor to the injured person. Thus, apportionment may be necessary, as between tortfeasors, but not when suit is brought against the first tortfeasor.

■ I am, however, bound to follow *Vaca* and *Bowen* as best I am able. Although neither case involved a suit against the employer only, considered dicta in Supreme Court opinions will generally be deemed binding. Under *Vaca*, there appears to be a good defense against employer liability for the period after the hypothetical date upon which an arbitrator would have issued an award if plaintiff's union had taken the matter to arbitration. Justice White says this is the rule of *Bowen*, and it is clearly the rule stated with respect to the employer's "primary" liability. How Justice Powell and the majority in *Bowen* would want the trial courts to handle "secondary" liability, when the union is not a party to the litigation, is less certain. The majority in both cases would not permit a simple judgment against the employer for immediate recovery of full backpay, the result plaintiff doubtless seeks in this case.

One way to carry out the apportionment rule, when only the employer is sued, would be to limit liability in the manner described by Justice White's *Bowen* dissent. Thereafter, if a plaintiff should sue the union for losses during the period after he should have prevailed in arbitration, he can probably join the employer again, as a party secondarily liable for those losses.[3]

■ Regardless of the fact that impleader would facilitate an apportionment of damages, such joinder will not be permitted in the present case because of delay in filing the Rule 14 motion, and because plaintiff has not sought to join the union.

---

**3.** The practicality of this procedure may be precluded by the short limitation period announced in *DelCostello v. International Brotherhood of*

Trial in this case is set for next month. Adding parties at this stage of the proceedings would postpone the trial even further than what has already been allowed. Plaintiff could have added the union as a defendant since the inception of this litigation in July, 1982. Accordingly, it is hereby

ORDERED that defendant's motion to join party needed for just adjudication and its motion for leave to file a third party complaint are DENIED.

*Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). A prompt suit against the union will ordinarily be required.