Robert M. TOBIN

v.

The GRAND UNION CO., INC., et al.

Robert M. TOBIN

v.

The GRAND UNION CO., INC., et al.

Civ. Nos. Y–85–1362, Y–85–1377.

United States District Court,
D. Maryland.

July 29, 1985.

**20**

E. Allen Shepherd, Upper Marlboro, Md., for plaintiff.

Stanley Mazaroff, Baltimore, Md., William A. Ziegler, New York City, for defendants Grand Union Co., Inc. and Walter Louis Wisekal.

Jeffrey Neil Young, Washington, D.C., and Richard Pearson, Baltimore, Md., for defendants Thomas Ray McNutt, Thomas Fennell, Sr., John Brown, and William H. Wynn.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

This suit is an action under § 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185. Plaintiff, Robert M. Tobin, was an employee of the Grand Union Company from September 26, 1981 to March 6, 1982 and was a member of the United Food and Commercial Workers Union, Local 400, of Washington, D.C. ("union"). Plaintiff alleges that his former employer wrongfully discharged him in violation of the collective bargaining agreement between the union and the company, and that the union breached its duty of fair representation by failing to arbitrate plaintiff's resulting grievance.

Defendants Thomas McNutt, Thomas Fennell, and John Brown, officers and agents of the local union, Grand Union Company and Walter Wisekal, its agent, and William Wynn, officer and agent of the international union, have filed motions for summary judgment claiming that plaintiff's suit is time-barred. Because it is clear that plaintiff's action was filed outside the applicable statute of limitations, defendants' motions will be granted.

Plaintiff alleges that in February, 1982, he was transferred to a Grand Union store in Rockville, Maryland. When he questioned the company representative concerning the company's right to transfer him, he was notified that his employment would be terminated. On March 2, 1982, plaintiff filed a grievance and request for arbitration hearing with the union and the company. The union did not pursue that grievance to arbitration. There is some dispute as to when plaintiff became aware he would not receive an arbitration hearing; at the latest, plaintiff was certain that the union had not pursued his claim in December, 1983. This suit was filed February 27, 1985.

█ Defendants assert that the six-month statute of limitations applied by the Supreme Court in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) is applicable in this case. It is. The Supreme Court in *DelCostello* held that the six-month statute of limitations applicable in actions under § 10(b) of the National Labor Relations Act was also applicable to an action against an employer and a union for breach of a labor contract and breach of the union's duty of fair representation. Plaintiff has presented similar claims in this action.

Plaintiff has attempted to distinguish *DelCostello* on the ground that this case is a "straight-forward section 301 action" such as that presented in *Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), where the court applied the state statute of limitations for a breach of contract claim. Plaintiff argues that the most-analogous state law statute of limitations should apply in this action.

Unfortunately for the plaintiff's argument, this case presents claims almost identical to those presented in *DelCostello*. In that case, the plaintiff alleged that the employer had breached a provision of the applicable collective bargaining agreement, and that the union had breached its duty of fair representation by mishandling the ensuing grievance and arbitration proceedings. The Supreme Court distinguished

the claims in *DelCostello* from the type of claims presented in *Hoosier Cardinal:*

> Unlike the present cases, *Hoosier* did not involve any agreement to submit disputes to arbitration, and the suit was brought by the union itself rather than by an individual employee.

462 U.S. at 162, 103 S.Ct. at 2289. The Court noted that *Hoosier* expressly reserved the question of whether to apply state law to a § 301 action where the analogy to state law was less direct, or where the policy considerations were different.

The claim in this case is a claim by the plaintiff that the company wrongfully terminated him and that the union failed to adequately represent him. As in *DelCostello*, there was a portion of the collective bargaining agreement which provided for the submission of disputes to arbitration, and the suit is brought by an individual employee against both his former employer and his former union. This case, like *DelCostello* and unlike *Hoosier*, does involve "those consensual processes that federal labor law is chiefly designed to promote—the formation of the collective agreement and the private settlement of disputes under it," *Hoosier*, 383 U.S. at 702, 86 S.Ct. at 1111, *see DelCostello*, 462 U.S. at 163, 103 S.Ct. at 2290. This case is precisely the sort of "hybrid § 301/fair representation litigation," 462 U.S. at 165, 103 S.Ct. at 2291, which requires the imposition of the six-month statute of limitations established in *DelCostello*.

There is one difference between this case and *DelCostello*. There, plaintiffs were attacking an arbitration award where the union allegedly breached its duty of fair representation even though it had pursued plaintiff's grievances through arbitration. In this case, the union did not elect to invoke the arbitration procedure to deal with plaintiff's grievance. This difference does not change the result, however. The same policy considerations apply whether the union declines to process the grievance or whether it is pressed to arbitration. In *Samuels v. American Transit Corp.*, 595 F.Supp. 840 (D.N.M.1984), plaintiff argued that her claim against her employer was a simple breach of contract action and thus subject to a state statute of limitations. In that case, like the instant case, the union had failed to request arbitration of her grievance. The court noted:

> The collective bargaining agreement between plaintiff's union and employer provides grievance/arbitration procedures, for an employee to contest her discharge. The plaintiff was denied reinstatement by a letter, from her employer, denying her grievance. Since no request for arbitration was made, this became a final decision under the collective bargaining agreement. Plaintiff may remove the bar of finality only through proof of a breach of the collective bargaining agreement by the employer *and* a breach by the union of its duty of fair representation.

595 F.Supp. at 843. The court concluded that plaintiff could not transform her action into a state law breach of contract action, also noting that "a collective bargaining agreement is much more than traditional common law employment contract terminable at will." 595 F.Supp., at 843 n. 3.

Even in *DelCostello*, the Supreme Court recognized that in some "hybrid" litigation, "the union's breach of duty may consist of a wrongful failure to pursue a grievance to arbitration, as in *Vaca* [*v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967)] and *Bowen* [*v. United States Postal Service*, 459 U.S. 212, 103 S.Ct. 588, 74 L.Ed.2d 402 (1983)], or a refusal to pursue it even through preliminary stages." 462 U.S. at 166 n. 16, 103 S.Ct. at 2291 n. 16. The Court impliedly held that the federal six-month statute of limitations period should apply to such cases. *See* 462 U.S. at 163, 103 S.Ct. at 2289. Thus, it is immaterial to a determination of the applicable statute of limitations that arbitration was not pursued in this case.

■ Plaintiff argues that his complaint included allegations of negligence, and that therefore the state statute of limitations applicable to negligence actions should ap-

ply here. Plaintiff cannot avoid the application of a federal statute of limitations by characterizing his claims as tort claims. The Supreme Court in *Allis Chalmers Corp. v. Lueck,* —— U.S. ——, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), recently held that § 301 of the federal labor law was pre-emptive of labor-related state law tort claims. The court noted that:

> questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by re-labeling their contract claims as claims for tortious breach of contract.

In this case, plaintiff's claims that the union and the company were "negligent" in failing to train their agents to adhere to the collective bargaining agreement is really no different than the claim that the union breached its duty of fair representation and the employer breached the terms of the collective bargaining agreement. The pre-emptive effect of § 301 therefore extends to these claims.

This case presents "hybrid" claims substantially similar to those presented in *DelCostello v. Teamsters, supra.* The Fourth Circuit in *Murray v. Branch Motor Express Co.,* 723 F.2d 1146 (4th Cir.1983), held that *DelCostello* should be applied retroactively. Accordingly, the six-month statute of limitations applied in that case will be applied in this action.

There is some dispute as to when the plaintiff became aware that the union would not pursue his grievance. Plaintiff himself claims that he became aware of the union's default in December, 1983. This suit was filed in the Circuit Court for Prince George's County nearly 14 months later, in February, 1985. That filing was clearly outside of the six-month statute of limitations. Plaintiff's suit is therefore time-barred and defendants' motions for summary judgment will be granted.