Ronald L. GOUKER, Plaintiff,

v.

MURPHY MOTOR FREIGHT, INC., Chauffeurs, Teamsters and Helpers Local Union No. 364, Defendants.

No. S86–171.

United States District Court,
N.D. Indiana,
South Bend Division.

June 17, 1987.

**538**

J. Christopher Warter, South Bend, Ind., James B. Mitchell, Jr., Indianapolis, Ind., for plaintiff.

Jerry E. Hess, St. Paul, Minn., Gregory L. Kelly, South Bend, Ind., for Murphy Motor Freight, Inc.

William Groth, Indianapolis, Ind., John E. Doran, South Bend, Ind., for Chauffeurs, Teamsters and Helpers Local Union No. 364.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause comes before the court on the motion of defendant Chauffeurs, Teamsters and Helpers Local Union No. 364 ("the Union") for a stay of judicial proceedings. Plaintiff Ronald L. Gouker opposes a stay of the proceedings as to the Union on the grounds that the delay caused by the stay would result in irreparable harm, because he would remain without income or employment. The court declines to stay the proceedings against the Union.

Mr. Gouker brought this action against his former employer, Murphy Motor Freight, Inc. ("Murphy") and the Union pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). Mr. Gouker alleges that Murphy terminated his employment in violation of the terms of a collective bargaining agreement with the Union, and that the Union breached its duty of fair representation in the processing of Mr. Gouker's grievance over his discharge. This action was initiated on March 18, 1986.

On or about February 26, 1987, Murphy filed a petition in bankruptcy under Chapter 7 (liquidation) of the Bankruptcy Code. All proceedings against Murphy are automatically stayed in accordance with Section 362 of the Bankruptcy Code, 11 U.S.C. § 362.

The Union, a solvent co-defendant, asks the court to grant the Union a discretionary stay of these proceedings in the exercise of the court's equity powers. The Union maintains that:

> the interwoven nature of the claims against Murphy and the Union, together with a common factual basis and the apportionment method of awarding damages clearly demand that the actions against the Union and the employer must be adjudicated together to achieve a just result.

Union's Memorandum (filed April 27, 1987), p. 3. The Union contends that if it is required to go forward with this litigation in Murphy's absence it will (1) have to present a defense in Murphy's absence, (2) have to assume Murphy's usual role of defending the breach of contract allegation, (3) lack control of important evidence on this issue, and (4) incur substantially increased legal costs in the process. The Union maintains that these hardships outweigh any prejudice or harm resulting to the plaintiff as a result of the delay.[1] The court cannot agree.

The court may, in the exercise of its discretion, stay proceedings in an effort to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants". *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153

---

**1.** The Union contends in its May 29, 1987 reply that there is no actual threat of irreparable harm to Mr. Gouker. "Due to [Murphy's] bankruptcy and cessation of operations in South Bend, Indiana, the plaintiff would now be laid off even if he had never been discharged. Consequently, his reinstatement rights have lapsed and potential back pay liability has been tolled."

(1936). The court determines the propriety of such a stay, however, by balancing the competing interests of the parties. The party seeking a stay must demonstrate "clear and convincing circumstances outweighing potential harm to the party against whom it is operative". *Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124, 127 (4th Cir.1983).

> The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.

*Landis v. North American Co.*, 299 U.S. at 255, 57 S.Ct. at 166. The Union has not demonstrated such a clear case of hardship or inequity.

■■■■ The court must consider the scope of the proposed stay and whether such a stay is "immoderate". *Climax Molybdenum Co. v. M/V Seatrain Antwerp*, 51 B.R. 192, 195 (D.Md.1984), citing *Landis v. North American Co.*, 299 U.S. at 257, 57 S.Ct. at 167.

> The stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable time limits, so far at least as they are susceptible of prevision and description. When once those limits have been reached, the fetters should fall off.

*Landis v. North American Co.*, 299 U.S. at 257, 57 S.Ct. at 167. Unlike the bankrupt defendants in *Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124 (4th Cir.1983), *Lynch v. Johns–Manville Sales Corp.*, 710 F.2d 1194 (6th Cir.1983); and *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541 (5th Cir.1983),[2] who had filed for reorganization under Chapter 11 of the Bankruptcy Code, and who might be in a position to resume the proceedings against them at some point in the future, Murphy has filed for liquidation under Chapter 7 of the Bankruptcy Code. Under these circumstances, a delay of these proceedings could last indefinitely, without hope of Murphy ever being in a position to continue this litigation. Under these circumstances, the discretionary stay which the Union seeks would be immoderate. Implementation of such a stay would prejudice Mr. Gouker.

The likelihood of duplicative litigation is slight where, as here, the bankrupt defendant proceeds under Chapter 7 of the Bankruptcy Code. Should Murphy's bankruptcy proceedings be completed and the company liquidated, the Union would still be in the position of defending against the present litigation, unaided by Murphy. See, *Climax Molybdenum Co. v. M/V Seatrain Antwerp*, 51 B.R. 192, 195–196 (D.Md. 1984) (no good reason would exist for continuing stay if, at the completion of Chapter 7 bankruptcy proceedings, bankrupt defendant would not be subject to suit for claims asserted against it). Accordingly, the court finds no equitable basis for staying the proceedings against the Union. The plaintiff's interests in going forward with this action would outweigh any benefit to the Union from such a stay.

In its reply filed May 29, 1987, the Union states that "the employer and union are both essential defendants in a hybrid breach of contract/duty of fair representation claim ..." Union's Reply, p. 2. To the extent that the Union infers that Murphy is an indispensable party to this action under Fed.R.Civ.P. 19, its argument is without merit.

"It is well established that a suit for breach of duty of fair representation and a § 301 action for wrongful discharge, though related, are separate and distinct causes of action." *Suwanchai v. International Brotherhood of Electrical Workers, Local 1973*, 528 F.Supp. 851, 855 (D.N.H. 1981).

> The claims are closely related because to prevail against the employer, the employee must establish that the union breached its duty of fair representation and that the employer breached the collec-

---

**2.** The Union cited two of these cases in support of its motion for a stay; yet in each case, the court found no equitable basis for staying the proceedings in question. *Williford v. Armstrong World Industries, Inc.*, 715 F.2d at 127–128; *Lynch v. Johns–Manville Sales Corp.*, 710 F.2d at 1199–1200.

tive-bargaining agreement; similarly, to prevail against the union, the employee must prove that the union breached its duty of fair representation and, if he wishes to recover loss of employment damages for which the union is responsible, that the employer breached the agreement. [Citations omitted.] However, despite this close relationship, the two claims are not inseparable. Indeed, although the employee in this case chose to sue both the employer and the union, he was not required to do so; he was free to institute suit against either one as the sole defendant. See *Vaca v. Sipes*, 386 U.S. 171, 186–187, 87 S.Ct. 903, 914–15, 17 L.Ed.2d 842 [1967].

*United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 72, 101 S.Ct. 1559, 1569, 67 L.Ed.2d 732 (1981) (Stevens, J., concurring in part and dissenting in part).

"Neither the union nor the employer is indispensable, absent some showing that the union's discriminatory conduct caused the discharge or that the employer was implicated in the union's breach of duty." *Suwanchai v. International Brotherhood of Electrical Workers, Local 1973*, 528 F.Supp. at 855, citing *Czosek v. O'Mara*, 397 U.S. 25, 28–29, 90 S.Ct. 770, 773, 25 L.Ed.2d 21 (1970); *Kaiser v. Local No. 83*, 577 F.2d 642, 644 (9th Cir.1978). The complaint contains no such allegations.

The possible need to apportion damages does not render the Union an indispensable party. *Fosbroke v. Emerson College*, 503 F.Supp. 256, 258 (D.Mass.1980); see also *Powell v. Kovac's, Inc.*, 596 F.Supp. 1520, 1523–24 (W.D.Mo.1984) (suggesting method for apportionment of damages as proscribed in *Bowen v. United States Postal Service*, 459 U.S. 212, 103 S.Ct. 588, 74 L.Ed.2d 402 (1983), and *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), where union has not been joined as

a party-defendant); *Suwanchai v. International Brotherhood of Electrical Workers, Local 1973*, 528 F.Supp. at 855–56 ("Although plaintiff may not recover complete relief from the union alone, there is no obstacle to the plaintiff's obtaining relief from the union for the damages for which it may be responsible.").

The two authorities that the Union cites in support of the proposition that Murphy is an "essential" party are unpersuasive. The district court in *Federal Life Insurance Co. v. First Financial Group of Texas, Inc.*, 3 B.R. 375 (S.D.Tex.1980), found that the automatic stay provisions of 11 U.S.C. § 362 applied "to judicial proceedings against a debtor in bankruptcy and its co-defendants, when ... the allegations against them arise from the same factual and legal basis". 3 B.R. at 377. This case is distinguishable on at least two grounds. First, the solvent co-defendant sought protection under the automatic stay provision of § 362 [3], and did not seek a discretionary stay as the Union seeks here. Second, *Federal Life Insurance Co.* was an action for fraud and misrepresentation, theories quite distinct from Mr. Gouker's breach of contract/duty of fair representation claim.

The Union maintains that the plaintiff's claim in *McPherson v. United States*, 119 L.R.R.M. 2022 (Ct.Cl.1983), was dismissed "due to the Union's absence". Union's Reply, p. 2. However, Mr. McPherson, a former United States Postal Service employee, brought his claim against the government not under the Labor Management Relations Act, but under the Tucker Act, 28 U.S.C. § 1491, which creates jurisdiction over claims against the United States founded "upon the Constitution, or an Act of Congress, ... or upon any express or implied contract with the United States". The *McPherson* court found that it lacked

---

**3.** Other case authorities suggest that a solvent co-defendant is not entitled to the protection of the automatic stay under 11 U.S.C. § 362. *Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124, 126 (4th Cir.1983) (solvent co-defendants could not avail themselves of automatic stay provisions of 11 U.S.C. § 362(a)); *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196–98 (6th Cir.1983) ("It is universally ac-

knowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor."); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir.1983) ("... § 362 does not operate as an automatic stay of claims against co-defendants ...").

jurisdiction over the plaintiff's constitutional claim against the United States and, accordingly, dismissed the case for lack of subject matter jurisdiction. *McPherson v. United States*, 119 L.R.R.M. at 2024–25.

For the foregoing reasons, the Union's motion for a stay of these judicial proceedings is DENIED. SO ORDERED.